**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2118-17T3

GEORGE ADINOLFI,

     Plaintiff-Respondent,

v.

ANNELIE MULLEN,

     Defendant-Appellant.

_____

     Submitted January 16, 2019 – Decided February 4, 2019

     Before Judges Currier and Mayer.

     On appeal from Superior Court of New Jersey, Law Division, Middlesex County, Docket No. DC-010952-16.

     Annelie Mullen, appellant pro se.

     George Adinolfi, respondent pro se.

PER CURIAM

     Defendant Annelie Mullen appeals from a Special Civil Part order awarding judgment in favor of plaintiff George Adinolfi in the amount of $4434, representing the return of plaintiff's security deposit after doubling the sum

pursuant to the Security Deposit Act, N.J.S.A. 46:8-21.1, and attorney's fees. We affirm.

The facts giving rise to this appeal are not complicated. Plaintiff leased a single-family home from defendant pursuant to a written agreement. At the expiration of the lease term, plaintiff demanded the return of his security deposit. Defendant refused to return plaintiff's security deposit, claiming the right to withhold the entire amount for damages to the leased premises during plaintiff's tenancy. Defendant claimed plaintiff damaged the floors, failed to repair and replace certain items, and stayed beyond the lease term.

Plaintiff filed suit to recover his security deposit. The matter was tried before a Special Civil Part judge on February 27, 2017.

After hearing the testimony of the parties and considering the documentary evidence, the judge determined plaintiff was entitled to the return of a portion of his security deposit. The judge concluded that certain amounts deducted by defendant from the security deposit, such as landscaping, power washing of the patio, and replacement of a cork floor in the kitchen, amounted to normal wear-and-tear and should not be categorized as damages caused by plaintiff's occupancy of the premises.

The judge also rejected defendant's assertion that she was entitled to a doubling of the rent during plaintiff's holdover tenancy. He found defendant allowed plaintiff to stay an extra two days beyond the lease term because plaintiff needed additional time to remove his belongings. The judge calculated rent for the additional two days amounted to $147 and deducted that sum from plaintiff's security deposit.

Defendant also withheld money for the replacement of ceiling tiles and light covers in the basement. The ceiling tiles were removed due to an unpleasant odor caused by the prior tenant's pets. Plaintiff removed the tiles and light covers, but never replaced the items during his tenancy despite agreeing to do so. Defendant had to replace the ceiling tiles and light covers. The judge reviewed emails reflecting defendant's intention to replace the tiles and light covers and bill plaintiff for the cost. Instead of billing plaintiff, defendant deducted the cost of these items from plaintiff's security deposit. He determined this to be in accordance with the parties' intentions and therefore allowed defendant to deduct $564 from plaintiff's security deposit.[1]

---

[1] Based on defendant's testimony and evidence, the judge found the replacement cost for the ceiling tiles was $507 and the cost for replacing the light covers was $57.

After reviewing photographs of damage to the hardwood floor near the master bedroom, the judge permitted defendant to deduct the cost of repairing a gouge in the floor in the amount of $300. Regarding the damage to the cork floor in the kitchen, the judge noted cork is a soft surface and apt to wear quicker than a hardwood floor. The judge allowed defendant to deduct $183, representing the value of a six-year-old cork floor.

In total, the judge allowed defendant to deduct $1194 from plaintiff's security deposit, finding plaintiff was entitled to $1006 of his total security deposit. Applying the Security Deposit Act, which requires the doubling of a security deposit improperly withheld by a landlord, the judge awarded the sum of $2012, plus costs, for a total of $2094 to plaintiff. The judge instructed plaintiff's counsel to file a separate application for attorney's fees and then granted fees in the amount of $2340.[2] The total judgment entered against defendant was $4434.

---

[2] Plaintiff requested $3072 in attorney's fees, representing 7.2 hours of legal time expended at $425 per hour, plus costs of $12. Defendant objected to the award of attorney's fees, but did not challenge the number of hours or the hourly rate. Based on counsel's certification in support of the fee award, the judge assessed the legal tasks performed by counsel and the time expended, ultimately awarding $100 less per hour than requested and rejecting the requested costs, for a fee award in the amount of $2340.

A-2118-17T3

On appeal, defendant claims she presented evidence of the cost of the materials related to the repairs, but failed to include the labor cost for the repair work.[3] Defendant argues the judge failed to consider all expenses incurred in repairing damage to the property caused during plaintiff's tenancy.[4]

"The scope of appellate review of a trial court's fact-finding function is limited." Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011) (quoting Cesare v. Cesare, 154 N.J. 394, 411 (1998)). Ordinarily, the trial court's findings "are binding on appeal when supported by adequate, substantial, credible evidence." Ibid. (quoting Cesare, 154 N.J. at 412). "[W]e do not disturb the factual findings and legal conclusions of the trial judge unless we are convinced that they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice." In re Forfeiture of Pers. Weapons & Firearms Identification Card Belonging to F.M., 225 N.J. 487, 506 (2016) (quoting Rova Farms Resort, Inc.

---

[3] Defendant attempted to introduce evidence of the labor costs associated with the repairs in her motion for reconsideration. The judge denied the reconsideration motion because the defendant failed to present those costs at the time of trial.

[4] Defendant also contends she lost money because she was unable to list the house for sale when plaintiff vacated the premises. However, she fails to explain in her merits brief why she was unable to list the house for sale. Moreover, defendant never presented evidence at trial to support such a claim.

v. Inv'rs Ins. Co., 65 N.J. 474, 484 (1974)). We defer to the trial judge's fact-findings especially "when the evidence is largely testimonial and involves questions of credibility." Cesare, 154 N.J. at 412 (quoting In re Return of Weapons to J.W.D., 149 N.J. 108, 117 (1997)). "The trial court's legal determinations, in contrast, are reviewed de novo." Sipko v. Koger, Inc., 214 N.J. 364, 379 (2013) (quoting Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

Here, the judge found plaintiff's testimony credible concerning the purported damages to the leased premises when viewed with the photographs submitted at trial. The court's decision accepting plaintiff's testimony and rejecting defendant's testimony was within its fact-finding function.

Given our limited review, we are not convinced the judge's fact-findings were so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence in this case as to offend the interests of justice. Rova Farms Resorts, Inc., 65 N.J. at 484. Having reviewed the record, we will not disturb the court's judgment.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

6